# Exhibit "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:   Harry F. Smithers, Kelliann Smithers<br>Debtor<br>Anna McCloskey<br>Co-Debtor<br>SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the LB-Cabana Series IV Trust<br>v.<br><br>Harry F. Smithers, Kelliann Smithers<br>Anna McCloskey<br>Kenneth E. West - Bankruptcy Trustee<br>Respondents | CASE NO.: 23-10624-amc<br><br>CHAPTER 13<br><br>Judge: Ashely M. Chan |

## SETTLEMENT STIPULATION

WHEREAS, on March 3, 2023, Harry F. Smithers and Kelliann Smithers (the "Debtor") filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania;

WHEREAS, on August 28, 2023, SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the LB-Cabana Series IV Trust (the "Movant") filed a Motion for Relief from Automatic Stay pursuant to 11 U.S.C. Section 362(a) (the "Motion") regarding the Property located at 2856 Nautilus Rd, Philadelphia, PA 19154 (the "Property");

WHEREAS, Movant and Debtor are desirous of settling the dispute among and between themselves;

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed by and among counsel for Movant, by and through its attorneys, Friedman Vartolo, LLP, and Debtor, by and through his/her counsel, Brad J. Sadek, Esquire, as follows:

1. The parties hereby certify that the post-petition arrearage is **$6,935.02** consisting of the following:

Post-Petition Payments:    $5,697.02 – 4/1/2023 through 10/1/2023 at $813.86 per month
Motion Fees/Costs:    $1,238.00
**Total Post-Petition Arrears: $6,935.02**

2. Within twenty (20) days of the approval of this Stipulation, Debtor shall file an Amended Plan providing for the post-petition arrears of **$6,935.02** as set forth in Paragraph 1.

3. Upon the filing of the Amended Plan, Creditor shall file an Amended Claim providing for the post-petition arrears of **$6,935.02** as set forth in Paragraph 1.

4. Commencing on November 1, 2023, Debtor shall resume making regular monthly post-petition mortgage payments in the amount of $813.86.

5. Should Debtor fail to comply with any of the terms of this Stipulation, including but not limited to failure to make any regular monthly mortgage payment commencing after the cure of the post-petition arrearage, then Movant may send Debtor and counsel for Debtor a written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of said notice, counsel for Movant may file a Certification of Default with the Court. Said Certification of Default may include a certification of Debtor's failure to pay subsequent payments that fall due after the date of the notice of default. Upon Certification, the Court shall enter an Order granting relief from the automatic stay as to the Property.

6. In the event that Debtor converts his/her case to Chapter 11, the terms of this Stipulation shall remain in full force and effect. In the event that Debtor converts his/her case to Chapter 7, Debtor shall cure all pre-petition and post-petition arrears within ten (10) days of the date of conversion. Failure to cure the arrears shall constitute an event of default under this

Stipulation and Movant may send a notice of default and certify default as set forth in the preceding paragraph.

7. The Debtor agrees that any Order granting relief from the automatic stay will include a waiver of Rule 4001(a)(3) and that Movant, its successors and/or assigns may act upon the Order immediately.

8. If the instant bankruptcy is dismissed, this Stipulation shall be void and shall not be binding upon the parties.

9. Attorney fees and costs for issuing a notice to cure, notice/certificate/affidavit of default, and order for relief are recoverable and may be added to the arrearage.

10. The provisions of this Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amount(s) not included in the instant Stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11. Counsel for Debtor has authority to settle this matter on behalf of his/her client(s).

Date: October 19, 2023

/s/ Lauren M. Moyer

Lauren M. Moyer, Esquire
Friedman Vartolo, LLP
Counsel for Creditor

Date: 10/17/23

Brad J. Sadek, Esquire
Counsel for Debtor

Date: October 20, 2023

/s/ Jack Miller for*

Kenneth E. West, Esquire
*Chapter 13 Trustee*

* The Chapter 13 Trustee has no objection to the terms of the herein Stipulation, without prejudice to any of the Chapter 13 Trustee's rights and remedies.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Harry F. Smithers, Kelliann Smithers<br>Debtor<br>Anna McCloskey<br>Co-Debtor<br>SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the LB-Cabana Series IV Trust<br>v.<br>Harry F. Smithers, Kelliann Smithers<br>Anna McCloskey<br>Kenneth E. West - Bankruptcy Trustee<br>Respondents | CASE NO.: 23-10624-amc<br><br>CHAPTER 13<br><br>Judge: Ashely M. Chan |

**ORDER APPROVING SETTLEMENT STIPULATION**

AND NOW, this __26th__ day of __October__, 2023, it is hereby ORDERED and DECREED that the Settlement Stipulation resolving Creditor, SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the LB-Cabana Series IV Trust's Motion for Relief from Automatic Stay is hereby APPROVED.

BY THE COURT:

_____
Ashely M Chan, Bankruptcy Judge